J-S19026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>:        PENNSYLVANIA<br>: |
| v. | :<br>:<br>:<br>: |
| CARL EMERY ZEDAK | :<br>: |
| Appellant | : No. 829 WDA 2025 |

Appeal from the PCRA Order Entered June 12, 2025
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001590-2018

BEFORE: SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NEUMAN, J.:           **FILED: July 10, 2026**

Appellant, Carl Emery Zedak, appeals from the post-conviction court's June 12, 2025 order denying his timely filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant alleges his trial counsel was ineffective, his sentence is illegal, and the PCRA court erred by not conducting an evidentiary hearing. After careful review, we affirm.

The facts of Appellant's underlying conviction are not germane to our disposition of his instant appeal. We need only note that in March of 2019, a jury convicted Appellant of two counts of aggravated assault (18 Pa.C.S. § 2702(a)(1)). Prior to sentencing, the Commonwealth filed a notice of its intent to seek imposition of a mandatory-minimum sentence under Pennsylvania's "three strikes" statute, 42 Pa.C.S. § 9714(a)(2) ("Where the person had at the time of the commission of the current offense previously been convicted

---

[*] Former Justice specially assigned to the Superior Court.

of two or more crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement….").  At Appellant's sentencing hearing on April 30, 2019, the Commonwealth introduced evidence that he has two prior convictions which constitute "crimes of violence" as defined by the statute, namely arson (18 Pa.C.S. § 3301(a)(1)(i)) and attempted homicide (18 Pa.C.S. § 2501(a); 18 Pa.C.S. § 901(a)).  **See** 42 Pa.C.S. § 9714(g) (listing offenses that constitute "crimes of violence").  Accordingly, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration.  He filed a timely notice of appeal, and after this Court affirmed his judgment of sentence on July 29, 2020, our Supreme Court denied his petition for permission to appeal on May 7, 2021.  **See Commonwealth v. Zedak**, 239 A.3d 111 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 253 A.3d 213 (Pa. 2021).

On October 7, 2021, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed on October 13, 2021, but did not file an amended petition until nearly four years later on June 5, 2025.[1]  On June 12, 2025, the PCRA court issued an order and opinion denying Appellant's petition without a

---

[1] There is no indication in the record why it took counsel this length of time to file an amended petition on Appellant's behalf.  Notably, Appellant sent a *pro se* letter to the clerk of courts in February of 2023 stating that his appointed counsel had never contacted him.  That letter was forwarded to his attorney, yet counsel still took no action on Appellant's case until filing the amended petition over two years later.  We chastise counsel for his extremely delayed action in this case.

hearing.[2] The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied. On October 30, 2025, the PCRA court filed a Rule 1925(a) opinion, stating it was relying on the reasons set forth in its June 12, 2025 opinion accompanying its order denying Appellant's petition. *See* PCRA Court Opinion, 10/30/25, at 1 (single page).

Herein, Appellant presents three issues for our review, which we reorder for ease of disposition:

> a.) Whether the PCRA [c]ourt should have addressed … Appellant's claims as to the ineffective assistance of his trial counsel. In particular, his trial counsel did not effectively pursue and fully investigate … Appellant's prior convictions for the purpose of rebutting the Commonwealth's claim that Pennsylvania's "three strike" mandatory sentencing law (42 Pa.C.S.[] § 9714(a)(2)) applied to the sentence at issue? Through his amended PCRA petition[,] … Appellant asserts that upon a more thorough review of his prior record, he should be re-sentenced as having only one prior conviction for a "crime of violence" or only "one prior strike[."]
>
> b.) Whether the sentence imposed in the instant matter was greater than the lawful maximum[ and, thus, Appellant is entitled to relief] pursuant to 42 Pa.C.S.[] § 9543([a])(2)(vii)? … Appellant contends that had he been considered to have only one prior "strike" his mandatory sentence would be ten (10) to twenty (20) years.

---

[2] Although the PCRA court did not issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, Appellant raises no issue regarding this error on appeal. Thus, he has waived it for our review. *See* ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted).

c.) Whether the PCRA [c]ourt erred in dismissing … Appellant's … PCRA [p]etition without first holding an evidentiary hearing to address his meritorious claims?

Appellant's Brief at 3 (some formatting altered).

Initially, we recognize "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims he received ineffective assistance of counsel, our Supreme Court has stated:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

**Commonwealth v. Johnson**, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

- 4 -

Here, Appellant argues his trial counsel was ineffective for not challenging whether his prior conviction for arson constitutes a "strike" under Pennsylvania's "third strike" law. He contends the evidence regarding his arson conviction, which was presented at his sentencing hearing, shows "the underlying facts of the 1988 [a]rson conviction were facts that would not constitute a 'crime of violence' in the context of [section] 9714…." Appellant's Brief at 9. Specifically, he avers:

> At sentencing, the Commonwealth … presented … the sentencing court [with] … the criminal complaint and affidavit of probable cause from the 1988 arson case. The affidavit of probable cause reveals that on November 19, 1987, … Appellant … set a fire in a mobile home bathroom and walked away from the mobile home. The fire was discovered near the sink in the bathroom. The cause of the fire was determined to be arson. The body of the criminal complaint … states several unnamed people were "in danger" and that [an amount] in excess of $500.00 in damage was done to the victim's mobile home.
>
> ***
>
> The affidavit of probable cause, criminal complaint[,] and [criminal] information never mention that any other people were present during the fire other than … Appellant. There is no mention of the owner of the mobile home (the named victim), nor any first-responder being present and "in danger" at the time of the fire. Further, according to the court records, there was never a determination made as to an amount of restitution … Appellant would have been ordered to pay. The only mention of any property damage was that the damages amounted to some unknown value that exceeded $500.00. … Appellant posits that the above[]facts … do not constitute a "crime of violence" nor a "first strike[."]

*Id.* at 11-12 (unnecessary capitalization omitted). Thus, Appellant maintains his trial counsel acted ineffectively by not challenging the designation of his

arson conviction as constituting a "first strike" crime of violence under section 9714(a)(2).

No relief is due, as Appellant's underlying claim lacks arguable merit. Initially, Appellant was convicted of arson under 18 Pa.C.S. § 3301(a)(1)(i), which states:

> (1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:
>
> > (i) he thereby recklessly *places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire*…[.]

18 Pa.C.S. § 3301(a)(1)(i) (emphasis added).[3] Clearly, Appellant's conviction for this offense establishes he placed another person in danger of death or bodily injury by committing his arson offense, which is why the "three strikes" law specifically includes this offense as a "crime of violence." *See* 42 Pa.C.S. § 9714(g) (stating "the term 'crime of violence' means … arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1)"). Accordingly, by the plain language of the statute, Appellant's arson offense constitutes a first-strike "crime of violence." Because Appellant was also previously convicted of another crime of violence, *i.e.*, attempted homicide, the statute *required* the trial court to impose a minimum sentence of at least 25 years' incarceration. *See* 42 Pa.C.S. § 9714(a)(2).

---

[3] The language of this provision was identical in 1987 when Appellant committed his arson offense.

We reject Appellant's argument that the underlying facts of his arson offense must be considered in determining whether it constitutes a crime of violence. In support, he relies on **Commonwealth v. Guilford**, 861 A.2d 365 (Pa. Super. 2004). There, Guilford had previously pled guilty to attempted burglary as a second-degree felony. Although section 9714(g) only includes **first-degree** burglary as a "crime of violence," the Commonwealth insisted "Guilford was actually convicted of a crime of violence" because his burglary crime "involved entry into a family's home, at a time when the family was present." **Id.** at 375. The trial court accepted that the facts rendered Guilford's conviction as a crime of violence, and counted it as a second-strike triggering application of the mandatory-minimum sentence in section 9714(a)(2). However, this Court reversed on appeal. **Id.** We stressed:

> Section 9714(a)(2) requires, for its application, that a person be "previously *convicted* of two or more … crimes of violence…." 42 Pa.C.S[]. § 9714(a)(2) (emphasis added). As we indicated above, the section 9714(g) definition of burglary as a crime of violence corresponds to the definition of burglary as a first[-]degree felony. In the instant case, Guilford pled guilty to attempted burglary as a felony of the second degree. Although the underlying facts of Guilford's guilty plea indicate that he attempted to commit a first[-]degree felony burglary, we cannot ignore the plain language of section 9714(a)(2), which requires a *conviction* of a crime of violence.

**Id.** (emphasis in original).

Appellant argues that **Guilford** indicates the trial court may "take into consideration the underlying facts" of a prior conviction in determining if it constitutes a "crime of violence" under section 9714(a)(2). We disagree.

Clearly, this Court **rejected** the trial court's reliance on the underlying facts of Guilford's conviction in counting it as a "strike" triggering a mandatory-minimum sentence. Instead, we applied the plain language of the statute and held that, even though the **facts** of Guilford's conviction indicated it was a violent crime, he could not be sentenced to a mandatory-minimum term under the statute because he had not been **convicted** of any offense defined as a "crime of violence" under section 9714(g).

Here, there is no question Appellant was convicted of arson under section 3301(a)(1)(i), which is listed as a "crime of violence" in section 9714(g). Thus, the underlying facts of his offense are irrelevant.[4] Because Appellant was also convicted of another "crime of violence" (*i.e.*, attempted homicide), and his instant offense of aggravated assault is a "crime of

---

[4] In any event, even if the facts of Appellant's arson offense were dispositive, we would agree with the PCRA court that the facts of his crime support the sentencing court's deeming it a "crime of violence." As the PCRA court explained:

> Court records show that the complaint alleges that [Appellant] started a fire in the bathroom of a mobile home he was visiting. This fire was discovered shortly after he had left the mobile home, but not before doing over $3,500 in damage[] to the home. The complaint alleges that the act of starting a fire in the bathroom of the mobile home recklessly placed in danger whomever it was that discovered the fire, as well as any other residents in the mobile home, and any first responders who dealt with the fire.

PCRA Court Opinion, 6/12/25, at unnumbered 3. Because Appellant's arson offense endangered — at the very least — the individual(s) who discovered the fire and those who worked to put it out, we would discern no error in the sentencing court's considering it a "crime of violence," even if the court was required to assess the underlying facts of that offense.

violence," the trial court was required to impose the "third strike" mandatory-minimum sentence set forth section 9714(a)(2). Therefore, there is no arguable merit to Appellant's claim his counsel acted ineffectively by failing to challenge his arson conviction being considered a "first strike" offense under section 9714(a)(2). No relief is due on Appellant's first issue.

Likewise, Appellant is not entitled to relief on his second issue challenging the legality of his mandatory-minimum sentence under section 9714(a)(2). Appellant's claim is premised on his argument that his arson conviction was improperly considered a "first strike" under the statute. **See** Appellant's Brief at 13. Because we have concluded this claim is meritless, his second issue fails, as well.

Finally, we also reject Appellant's third issue, in which he argues the PCRA court erred by not conducting an evidentiary hearing. As we have concluded Appellant's ineffectiveness and legality-of-sentencing issues are meritless, he has not demonstrated he raised any genuine issue of material fact warranting a hearing. **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008) (stating "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary") (citation omitted). Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  7/10/2026